IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHNNY CRUMP                                                                                           PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 3:05cv122-HTW-JCS

TOBY TROWBRIDGE, JR. and
BRIAN WATSON                                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate, brought this action pursuant to 28 U.S.C. § 1983 alleging that officials at the Madison County Detention Center (MCDC) violated his right to access to the courts while he was incarcerated there. Presently before the court is Defendants' motion for summary judgment. Having considered the motion and Plaintiff's response, the court concludes that the motion should be granted and this action should be dismissed as frivolous.

Crump was incarcerated at MCDC from November 10, 2004 until March 18, 2005. During this period, he had two criminal matters pending: The appeal of the state trial court's denial of his motion for post-conviction relief, and a federal indictment for conspiracy to defraud the government. He alleges that during this period he made numerous requests to use the law library but that he was not allowed sufficient access. He also complains that the library was inadequate for his needs. According to Plaintiff, as a result of these problems, he was unable to do accurate research, was unable to comply with a direction by a court on one occasion, and was hindered in his work on his appeal of the denial of post-conviction relief. Defendants, in their motion, contend that they are entitled to summary judgment because Plaintiff has failed to allege or come forward with

any evidence of injury as a result of any problems with access to the law library. It is undisputed that one month after he was released from the MCDC, the Mississippi Court of Appeals granted post-conviction relief to Plaintiff.[1] It is also undisputed that two months prior to his release from MCDC, his federal indictment was dismissed. A Plaintiff alleging violation of his right to access to the courts must establish an actual injury. *Lewis v. Casey*, 116 S.Ct. 2174, 2180-81 (1996). Plaintiff has failed to show that he was injured in any way with regard to his court proceedings, as they both ended favorably for him. For this reason, the court concludes that Plaintiff has failed to state a claim for violation of his right to access to the courts. Defendants' motion is granted, and Plaintiff's claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

    SO ORDERED, this the 16th day of December, 2005.

                                      /s/ James C. Sumner

                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The relief sought by Plaintiff and granted by the state court was an out-of-time appeal of his state court conviction for embezzlement.